UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

KAREN STOWE STYLES,

                          Plaintiff,

                -against-

WESTCHESTER COUNTY,

                      Defendant.

_____X

*ORDER +*
CONFIDENTIALITY
AGREEMENT
18-cv-12021 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/21

       WHEREAS, the parties are engaged in discovery in the above-captioned action which may cause the production of documents, materials and/or other information that may contain personal and confidential information relating to the parties and/or nonparties to the litigation; and

       WHEREAS, the parties recognize that such documents, materials and/or other information may be the appropriate subject of a protective order under Rule 26 of the Federal Rules of Civil Procedure ("Confidentiality Order"); and

       WHEREAS, the parties wish to protect the privacy of all of the parties, non-parties and all other individuals herein, as well as the personal and confidential information disclosed;

       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, as represented by their attorneys below, as follows:

1.  The following terms and conditions shall govern the acquisition, retention and disclosure of documents, court papers, and testimony related to any fact, issue or aspect of this litigation and obtained by any party, attorney or other person in this action and which is "Confidential Information" as set forth below, and the disclosure by any party, attorney or other person in this action to any non-party of any information derived from or relating to such documents, court papers, and testimony, and to any of the substantive allegations of any pleadings herein.

2.  "Confidential Information," as used herein, shall mean information contained in documents, interrogatory answers, questionnaires, responses to document requests, deposition testimony, or other information obtained in discovery that is designated as "confidential" by counsel for a party, or information which relates to personal and confidential information concerning any party, non-party employees or former employees of defendants.

3.  "Document," as used herein, shall mean, without limitation, the original and any copies or reproductions of any correspondence, discoverable book, pamphlet, periodical, letter, diary, memorandum, telegraph, cable, report, record, study, stenographic or handwritten note, working paper, email, electronic data, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, microfilm, computer printout, data processing card or computer disc or any other written, recorded, transcribed, punched, taped, electro-mechanical, filmed or graphic matter, however produced or reproduced and copies of any of the above that replicate or differ in any respect from the original, including copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, and shall include, but not limited to: interrogatory questions and answers and exhibits thereto, requests to admit or admissions, demands for the production of documents and

responses thereto, and any other documents produced or served by any party in this action, whether pursuant to any rule, subpoena or by agreement; deposition transcripts produced in connection with this action and any exhibits thereto; any other physical objects or things, as may be appropriate for the implementation of the purposes of this Confidentiality Order; and any papers, including court papers, which quote from, summarize or refer to any of the foregoing.

4. The parties agree that "Confidential Information" shall only be used in the prosecution or defense of this action and that it shall be accorded the treatment set forth herein.

5. Where a party is producing documents it believes to contain "Confidential Information," as defined herein, the document shall be so marked in such a manner as will not interfere with the legibility thereof. The producing party shall stamp the documents as "confidential" either prior to producing them or after the receiving party has selected such documents for copying but as soon as practicable once the documents are produced by the producing party. Those documents shall then be treated as confidential pursuant to this order.

6. Where a party receiving documents believes that they contain "confidential information," as defined herein, that party shall identify those documents to the producing party. The producing party will advise the receiving party, with reasonable promptness, whether the producing party agrees to treat those materials as confidential under this order. If the producing party does not agree to treat those materials as confidential under this order, the parties shall confer to try in good faith to resolve the dispute; if the dispute is not resolved, the receiving party may ask the Court to resolve the issues and designate the documents at issue as confidential as provided herein.

7.   To the extent that this Confidentiality Agreement was not in place until May, 2019, the parties can agree to designate certain documents already produced as confidential, including but not limited to, medical documents, and any documents or testimony related to Plaintiff's alleged medical condition(s).

8.   Where documents are produced by a non-party pursuant to subpoena, a party can identify those documents it believes contain "confidential information," as defined herein, and that party can request that its adversary treat those documents as such.

9.   "Qualified person" means the plaintiffs, defendants, members, associates and employees of the offices of counsel for plaintiffs and defendants, or any successor counsel or co-counsel to the parties who are engaged in the preparation of this action for trial, and any agent, expert witness, consultant, representative or employee of a party selected in good faith to engage in the preparation of this matter for trial, as well as any individual determined to be a "qualified person" by mutual agreement of counsel for the parties or court order.  The treatment of material as confidential shall not be construed to prevent defendants or any of their officers, employees, agents or representatives from performing their duties in the normal course of business.

10. Unless otherwise set forth herein, each qualified person shall, before reviewing any confidential information, agree to be bound by all the terms of this Confidentiality Order and to submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to the issuance of all orders necessary for the implementation and enforcement of this Confidentiality Order.

11.   Before providing any expert witness, consultant or any other witness ("Witness") who is deemed a qualified person with confidential information, counsel shall provide each

Witness with a copy of this Confidentiality Order and obtain the person's signature to a written assurance form, a copy of which is annexed hereto as Appendix A, for the purpose of maintaining the confidential nature of all confidential information. Counsel should be responsible for maintaining copies of executed agreements in the form of Exhibit A, which shall be available for inspection by counsel for any party. If such a person declines to sign a written assurance form, there shall be no disclosure of confidential information made to that person. However, on ten (10) days' written notice to the other parties, the party seeking disclosure may request an order permitting such disclosure from the Court.

12.     Those portions of deposition transcripts designated by counsel for any party as "Confidential Information" during a deposition or after receipt of the deposition transcript shall be treated as "Confidential Information." If any "Confidential Information" is so disclosed or referred to in any affidavit, brief, deposition, transcript, or any other paper filed in this action, unless otherwise stipulated between the parties, such paper shall be filed under seal and such sealing shall continue until further order of this Court.

13.     No person subject to this Confidentiality Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a.      the parties to this action;

b.      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

e.      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

f.      stenographers engaged to transcribe depositions conducted in this action; and

g.      the Court and its support personnel in connection with this litigation.

14.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 13 (a)-(g) above, such person shall be provided by counsel with a copy of this Confidentiality Order and shall sign a Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

15.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best effort to minimize such sealing.

16.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

17.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  The inadvertent or unintentional disclosure by Plaintiff or Defendants of "Confidential Information" that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of Plaintiffs' or Defendants' claims of confidentiality or that the information should be filed under seal as set forth herein, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

18.     Any information designated as "Confidential Information" can be used by the parties in litigating this case subject to the provisions of this Order.

19.     This Confidentiality Order shall survive the termination of the litigation.  Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies, extracts or summaries thereof, shall be returned to the producing person, or, upon permission of the producing person, destroyed.

20.     The parties, by the signature of their respective counsel, agree to be bound by the terms of this agreement pending its approval by the Court.

21.     This Confidentiality Order may be amended by mutual agreement of the counsel for all parties.  In the event of such an amendment, counsel and all parties agree to abide by the amendment until such time as the amendment may be submitted to the Court for approval, and such submissions, shall be made as soon as practicable after any such amendment has been stipulated.  In the event the parties cannot reach an agreement as to the amendment, the parties may apply to the Court for modification of any provision of the Confidentiality Order.

22.     This Court shall retain jurisdiction over all persons subject to this Order to the

extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

Dated:  December 15, 2021
        White Plains, New York


        Brian K. Robinson, Esq.                          **John M. Nonna**
        Attorney For Plaintiff                           Westchester County Attorney
                                                         Attorney for Defendant
By: /s/ Brian K. Robinson                    By:  /s/ Irma Cosgriff
        Brian K. Robinson, Esq.                          Irma Cosgriff
        TAYLOR LOUIS, LLP                                 Associate County Attorney, of Counsel
        90 Broad Street, Suite 300                       148 Martine Avenue
        New York, NY 10004                               White Plains, New York  10601
                                                         (914) 995-3577


                                             SO ORDERED

                                             _____
                                             VINCENT L. BRICCETTI
                                             United States District Judge
                                             12/15/2021